UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE MARTIN YAC VASQUEZ,

        Petitioner,

v.

        Case No.   2:07-cv-213-FtM-33DNF

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

This matter comes before the Court pursuant to Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 4) filed on June 5, 2007.  The Government filed a response in opposition to the § 2255 motion on July 20, 2007 (Doc. # 5).  For the reasons that follow, the § 2255 motion is denied.[1]

**I.  Background**

On January 18, 2006, the grand jury returned a one-count indictment against Petitioner, charging that Petitioner "knowingly and in reckless disregard of the fact that an alien or aliens had come to, entered and remained in the United States in violation of law, did transport for private financial gain, an illegal alien or

---

[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court has determined that an evidentiary hearing is not necessary for the adjudication of this motion.  No hearing is required when the record establishes conclusively that a § 2255 motion lacks merit. United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984).

aliens within the United States in furtherance of the alien or aliens' unlawful purpose" in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). (Criminal Doc. # 8.)  On January 23, 2006, Petitioner entered a plea of not guilty to the indictment. (Criminal Doc. # 12.)

On March 13, 2006, after a one-day trial, the jury returned a guilty verdict against Petitioner. (Criminal Doc. # 28).  On September 27, 2006, this Court sentenced Petitioner to twenty-seven months imprisonment to be followed by thirty-six months supervised release. (Criminal Doc. # 46).  A judgment reflecting Petitioner's sentence and conviction was filed on October 4, 2006. (Criminal Doc. # 47.)  Petitioner filed an appeal of the judgment to the Eleventh Circuit. (Criminal Doc. # 48.)  Petitioner did not raise any ineffective assistance of counsel claims in his appeal to the Eleventh Circuit.[2]  During the pendency of Petitioner's direct appeal, Petitioner filed his initial § 2255 motion.  This Court denied the initial § 2255 motion on April 4, 2007, on the basis that "absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending." Fernandez v.

---

[2] Petitioner's failure to raise ineffective assistance arguments on appeal is not a bar to Petitioner's ability to assert these claims in his § 2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003)(A convicted federal defendant's failure to raise an ineffective assistance claim on direct appeal does not bar the claim from being brought in a later appropriate proceeding under § 2255.)

United States, 941 F.2d 1488, 1491 (11th Cir. 1990)(Doc. # 2.)  On June 2, 2007, the Eleventh Circuit affirmed Petitioner's conviction and sentence. (Criminal Doc. # 75.)  The direct appeal having been adjudicated, Petitioner filed the instant § 2255 motion.

## II.  Ground for 2255 Motion

Petitioner raises only one ground in the instant § 2255 motion: ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

### A.  Facts Leading to Arrest

Petitioner was stopped in Lee County, Florida by Florida Highway Patrol Trooper Mike Grider on January 13, 2006, at approximately 8:30 p.m. (Criminal Doc. # 60 at 61-71.)  Petitioner was stopped by the Trooper on the basis of illegally dark window tinting.[3]  The Trooper pulled Petitioner's vehicle over, and tapped on the tinted window. Id.  Petitioner rolled down the window, and the Trooper asked for petitioner's drivers' license.  The Trooper observed that the van was "jam packed" with people and personal belongings. (Criminal Doc. # 60 at 66.)  The Trooper asked

---

[3] The Trooper testified: "Window tint is measured by a window tint meter in which we put on the window, itself, and when you get a measuring, a digital display, the 28 percent on the front sides, anything below the number 28 is illegal.  The lower the number, the darker it is.  It's the measurement of ambient light coming through the window.  In this particular case, it was three percent, meaning only three percent ambient light can come through out of a possible 100 percent.  . . . Now you're saying only three percent ambient light comes through, which is extremely dangerous on a vehicle. (Criminal Doc. # 60 at 61-62.)

3

Petitioner whether any of the passengers had green cards, and Petitioner responded in the negative. (Criminal Doc. # 60 at 66.) The Trooper called in Petitioner's license, and determined that it was expired. (Criminal Doc. # 60 at 68.) The Trooper called for backup because there were eight men in Petitioner's van and also called the United States Border Patrol because none of the men had green cards. (Criminal Doc. # 60 at 67.) The Trooper began writing a citation for Petitioner's expired drivers' license and a warning for the illegal window tinting. (Criminal Doc. # 60 at 67.) The United States Border Patrol thereafter arrived at the scene in response to the Trooper's call. (Criminal Doc. # 60 at 67-68.)

The United States Border Patrol Agents advised Petitioner of his <u>Miranda</u> rights and then asked Petitioner a series of questions (Criminal Doc. # 60 at 88.) In response, Petitioner admitted to being illegally present in the United States and transporting illegal aliens. (Criminal Doc. # 60 at 88-91.) The United States Border Patrol Agents arrested Petitioner and his passengers, who were all illegal aliens. (Criminal Doc. # 60 at 84-85.)

Petitioner now asserts that his trial counsel was ineffective because he failed to move this Court to suppress all evidence against Petitioner on the basis that the traffic stop was conducted without probable cause. Petitioner asserts that the Trooper's stated basis for the stop, illegally dark window tinting, was not valid because it is not possible to detect illegally dark window

tinting at night. Petitioner also argues that the traffic stop was unreasonable in duration.

Petitioner asserts that if his attorney filed a successful motion to suppress, all of the evidence against him would have been excluded and he would not have been convicted.

### B.    Ineffective Assistance of Counsel

Proving ineffective assistance of counsel is a difficult task. To prevail on an ineffective assistance of counsel claim, Petitioner must meet the test established by Strickland v. Washington, 466 U.S. 668 (1984). In Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998), the Eleventh Circuit evaluated ineffective assistance of counsel under Strickland:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687.

Courts must "indulge [the] strong presumption" that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." Strickland 466 U.S. at 689-90. Thus, counsel cannot be considered

ineffective for performing in a particular way in a case, so long as the approach taken "might be considered sound trial strategy." Darden v. Wainwright, 477 U.S. 168, 186 (1986). Given the presumption that counsel offered competent assistance, the Petitioner's burden is a heavy one. Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000)(en banc).

The reasonableness of counsel's performance is an objective inquiry. See Darden, 477 U.S. at 185 (holding that counsel's performance did not fall below an objective standard of reasonableness.) "Because Counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Chandler, 218 F.3d at 1315. As stated by the court in Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995)(en banc), "The test has nothing to do with what the best lawyers would have done. Nor is the est even what most good lawyers would have done. We ask only whether some reasonable lawyers at the trial could have acted, in the circumstances, as defense counsel acted as trial." See also Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998)(explaining that counsel's conduct is unreasonable only if petitioner shows that "no competent counsel would have made such a choice").

**III. <u>Analysis</u>**

    **A.   <u>Probable Cause for the Stop</u>**

Petitioner asserts that trial counsel's failure to file a motion to suppress the evidence obtained during the January 13, 2006, traffic stop resulted in ineffective assistance of counsel. Petitioner's argument, however, is without merit because a motion to suppress the evidence in this case would have been futile as the Trooper had probable cause to stop Petitioner's vehicle.

If a police officer has probable cause to believe that a traffic infraction has occurred, it is reasonable for him to make a traffic stop. <u>United States v. Cooper</u>, 133 F.3d 1394 (11th Cir. 1998). Probable cause must be supported by more than a mere suspicion, but does not require the same "standard of conclusiveness and probability as the facts necessary to support a conviction." <u>United States v. Dunn</u>, 345 F. 3d 1285, 1290 (11th Cir. 2003). In this case, the Trooper testified that he observed Petitioner's windows as Petitioner was driving on the highway, and that the extremely dark window tint appeared to be in violation of the Florida Statutes governing window tint. Section 316.2953, Florida Statutes, requires that the side window tinting allow light transmittance at no less than twenty-eight percent of the visible light range. In this case, the window tint was tested, and shown to allow only three percent light transmittance. Indeed, the Trooper testified that he could not see into the vehicle. (Criminal

Doc. # 60 at 65.) As stated by United States v. Moore, 2:06-cr-8-FtM-29SPC, 2006 U.S. Dist. LEXIS 28581, at *7-8 (M.D. Fla. May 5, 2006), "Silhouettes . . . are usually visible at night" and a lack of an observable silhouette is "sufficient to establish probable cause for a reasonable officer to believe there was a tint infraction occurring in [the officer's] presence."

This Court finds that probable cause supported the decision of the Trooper to make the traffic stop in question, and a motion to suppress for lack of probable cause would have failed. This analysis is consistent with the analysis of the Eleventh Circuit in Brown v. United States, 219 F. App'x 917 (11th Cir. 2007). In Brown, agents observed cocaine in petitioner's vehicle in plain sight and also observed petitioner trying to hide the cocaine. Nevertheless, the petitioner asserted that his trial counsel rendered ineffective assistance due to his failure to file a motion to suppress the cocaine evidence. The Eleventh Circuit determined that the petitioner's counsel "caused [p]etitioner no prejudice" because the outcome of this case would have been the same had counsel moved the court to suppress the drugs seized from the automobile. Id. at 919. The court reasoned that any motion to suppress the evidence would have failed because (1) the agents saw the drugs in plain view and (2) the agents had probable cause to search the vehicle.

8

Another relevant case is <u>Jernigan v. United States</u>, 5:04-cv-293, 2006 U.S. Dist. LEXIS (M.D. Ga. July 20, 2006). In <u>Jernigan</u>, the petitioner was pulled over for driving with an expired license plate. <u>Id.</u> at *6. During the stop, the petitioner gave the police officer a false name, and the police officer determined that petitioner was driving with a suspended license. <u>Id.</u> at *6-7. The police officer placed the petitioner under arrest and searched the vehicle incident to arrest. <u>Id.</u> at *7. The police officer recovered a pistol. <u>Id.</u> The pistol was offered as evidence against the petitioner in a trial for possession of a firearm by a convicted felon, and petitioner was found guilty. Petitioner filed a § 2255 motion asserting that his counsel was ineffective for failing to file a motion to suppress the firearm. <u>Id.</u> The court stated, "If the initial traffic stop was legally valid, [p]etitioner's counsel cannot be found to be ineffective for failing to file a motion to suppress on the basis of an illegal traffic stop." <u>Id.</u> at *5.

Similarly, in <u>United States v. Owens</u>, 4:01-cr-58-SPM-AK, 2006 U.S. Dist. LEXIS 73528 (N.D. Fla. Feb. 28, 2006) the petitioner asserted that his attorney provided unconstitutionally deficient service by failing to file a motion to suppress "cocaine evidence" obtained from a search of his residence. <u>Id.</u> at *19. The petitioner argued that (1) the warrant authorizing the search contained a false statement (2) the warrant failed to address the

9

reliability of the informant; and (3) the warrant did not establish probable cause for the search. Id. at *19-20. The court addressed each argument raised and denied the § 2255 motion. The court determined that the search was supported by probable cause and, even if it had not been, the officers executing the warrant were entitled to rely in good faith on the signing judge's probable cause determination. Id. at *21-23. Because any motion to suppress the cocaine seized from the petitioner's residence would have been futile, his attorney's failure to file such a motion did not constitute ineffective assistance. Id. at *23.

Likewise, Petitioner's counsel was not required to file a futile motion to suppress in the present case. The Trooper stopped Petitioner under the reasonable and correct belief that Petitioner was in violation of Florida's window tinting law, and a motion to suppress on this basis would have failed.[4]

---

[4] In the case of United States v. Weaver, 145 F. App'x 639, 640 (11th Cir. 2005), the defendant's vehicle was stopped at 11:00 p.m. because the deputy suspected a window tint violation: "[T]he Deputy's headlights reflected on [the vehicle's windows]. He pulled alongside Defendant's car, rolled down his window, and determined he could not see the driver's silhouette nor the dashboard lights through the tinted windows although he was only five feet away." Defendant acted suspiciously and gave the deputy false names, and then consented to a search of the vehicle. Id. The search revealed crack cocaine. Id. Defendant moved to suppress the evidence arguing that the officer lacked probable cause for the traffic stop. Id. The trial court denied the motion to suppress and the Eleventh Circuit affirmed. The Eleventh Circuit explained: "The statute [Fla. Stat. § 316.2953] in no way indicates that a police officer may not investigate further when he reasonably believes the statute is being violated. Likewise, the statute does not limit such investigations to situations when a police officer

**B.   Duration of the Stop**

Petitioner asserts that his trial counsel rendered unconstitutionally defective and ineffective assistance because he failed to file a motion to suppress all evidence against Petitioner on the basis that the duration of the traffic stop was excessive. As to the duration of the stop, Petitioner has failed to demonstrate that such duration was excessive and fails to discuss the length of the stop in question.

The Eleventh Circuit holds that a traffic stop must be limited to the time necessary to process the traffic violation. United States v. Boyce, 351 F.3d 1102, 1106 (11th Cir. 2001)("The stop must not last any longer than necessary to process the traffic violation unless there is articulable suspicion of other illegal activity.")(internal citation omitted). Therefore, the stop may be prolonged where an officer is able to articulate a reasonable suspicion of other illegal activity beyond the traffic offense. United States v. Perkins, 348 F.3d 965, 970 (11th Cir. 2003). As explained in Illinois v. Wardlow, 528 U.S. 119, 120 (2000),

---

has observed a separate traffic violation." Weaver, 145 Fed. Appx at 641.  The Eleventh Circuit further ruled: "Because the police officer had probable cause to believe that the defendant was violating the Florida window-tinting statute, we conclude that the district court denied properly Defendant's motion to suppress the evidence obtained during the stop." Id. at 462.

This Court determines that any motion to suppress that could have been filed by Petitioner's counsel claiming that the Trooper lacked probable cause to effect the stop would have been decided in a manner consistent with Weaver, 135 F. App'x at 642.

"Reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." When making a determination of reasonable suspicion, courts look at the totality of the circumstances to see whether the detaining officer had a particularized and objective basis for suspecting illegal activity. See Perkins, 348 F.3d at 970 (internal citations omitted).

In this case, the Trooper had a reasonable and articulable suspicion that Petitioner was engaged in illegal activities. Petitioner's van had extremely tinted windows, the van was packed with many passengers and personal items. None of the passengers had green cards and Petitioner had an expired driver's license. The Trooper suspected illegal conduct and contacted the Border Patrol Agents to conduct further investigations.

See United States v. Purcell, 236 F.3d, 1274, 1279 (11th Cir. 2001)("Fourteen minutes is not an unreasonable amount of time for a traffic stop."); United States v. Hardy, 855 F.2d 753, 761 (11th Cir. 1988)(upholding a fifty-minute traffic stop); Morrison v. Dean, 223 F. App'x 937 (11th Cir. 2007)(upholding a forty-three minute traffic stop involving a K-9 unit).

This Court finds that a motion to suppress all evidence as against Petitioner would have been denied because the Trooper had probable cause to believe that Petitioner was in violation of Florida's window tinting statute. Accordingly, Petitioner's trial

counsel did not provide ineffective assistance during Petitioner's trial. Even if the motion to suppress had been filed, it would have been denied, and Petitioner's circumstances would be the same. Petitioner was not at all prejudiced by trial counsel's failure to file a motion to suppress the evidence collected against Petitioner pursuant to the January 13, 2006, traffic stop.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 4) is **DENIED.**

(2) The Clerk is directed to file this Order in the corresponding criminal case 2-06-cr-3-FtM-33DNF.

(3) The Clerk is directed to enter judgment and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida, this 9th day of October, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record